UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA LOPEZ,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES ATTORNEYS OFFICE, FRESNO and KATHLEEN ANN SERVATIUS,<br><br>    Defendants. | Case No. 1:22-cv-00322-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>(ECF No. 1) |

Plaintiff Jessica Lopez ("Plaintiff") proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). The complaint, filed on March 21, 2022, sues the United States Attorneys Office and federal prosecutor Kathleen Ann Servatius for charging Plaintiff for a crime because she resided in the home where drugs were being sold. Plaintiff asks for this Court to remove the charge from her record and clear her immigration problems.

The Court concludes that the complaint fails to state any cognizable claims. Under settled Federal law, prosecutors are immune from lawsuits for damages based on their work as prosecutors in the case.

**I.      SCREENING REQUIREMENT**

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 5). "Notwithstanding any filing fee, or any portion thereof, that may

have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.  SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleges that she was charged because she resided in the home where drugs were being sold. She was not a party to the case. She was unaware. She asks the Court to remove the charge from her record and clear her immigration problems. She names the United States Attorneys Office and Kathleen Ann Servatius, lead attorney, as defendants.

## III. ANALYSIS OF PLAINTIFF'S COMPLAINT

Although Plaintiff provides very few facts in her complaint, it is clear that Plaintiff's claims cannot proceed. Plaintiff is seeking to sue prosecutors for prosecuting her in a criminal case. But prosecutors are immune from such lawsuits under settled law, as the Ninth Circuit has explained:

> Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts. The Supreme Court has held that this rule follows for the same reason that prosecutors were given immunity at common law—without it, resentful defendants would bring retaliatory lawsuits

2

against their prosecutors, and because a prosecutor "inevitably makes many decisions that could engender colorable claims of constitutional deprivation[, d]efending these decisions, often years after they were made, could impose unique and intolerable burdens upon a prosecutor." *Van de Kamp v. Goldstein,* 555 U.S. 335, 342, 129 S.Ct. 855, 172 L.Ed.2d 706 (2009) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 425–26, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)) (internal quotation marks omitted). Without the promise of immunity from suit, a prosecutor would be distracted from his duties and timid in pursuing prosecutions rather than exercising the independent judgment and discretion that his office requires. *See id.* Moreover, "the judicial process is available as a check on prosecutorial actions," and it reduces the need for private suits for damages to keep prosecutors in line. *Burns v. Reed,* 500 U.S. 478, 492, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *see Mitchell v. Forsyth,* 472 U.S. 511, 522–23, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) ("[T]he judicial process is largely self-correcting: procedural rules, appeals, and the possibility of collateral challenges obviate the need for damages actions to prevent unjust results.").

*Lacey v. Maricopa County,* 693 F.3d 896, 912 (9th Cir. 2012); *see also Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity"); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 674, 678 (9th Cir. 1984) ("If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted.").

Accordingly, Plaintiff's complaint should be dismissed.

That is not to say that Plaintiff has no way to challenge a charge or conviction that is improper. Plaintiff may do so (subject to certain limitations) in her criminal case, through appeal of any criminal conviction, or through a petition for writ of habeas corpus. However, Plaintiff may not sue the prosecutors for pursuing criminal charges as part of their prosecutorial function.

### IV.   CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the Court recommends dismissing Plaintiff's case. The Court also does not recommend giving leave to amend. Although this is Plaintiff's first complaint, and she provides very few facts, it is clear that Plaintiff is attempting to sue federal prosecutors for charging her in a criminal case. Prosecutors acting within their prosecutorial functions are immune from such lawsuits, and leave to amend such a claim would be futile.

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's complaint be dismissed.

Case 1:22-cv-00322-DAD-EPG   Document 6   Filed 07/28/22   Page 4 of 4

2. The Clerk of the Court be instructed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 28, 2022**                              /s/ Erica P. Grosjean
                                                      UNITED STATES MAGISTRATE JUDGE

4